UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE DAVID THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A.,<br><br>    Defendant. | Case No.  14-cv-03603-EDL<br><br>**ORDER ON MOTION TO DISMISS**<br><br>Re: Dkt. No. 32 |

On December 4, 2014, Defendant filed a motion to dismiss the amended complaint. For the reasons set forth below, Defendant's motion is GRANTED and the complaint is DISMISSED with prejudice.

**I.  FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

On August 1, 2005, Plaintiff obtained a mortgage from America's Wholesale Lender and purchased the Subject Property. (RJN Ex. A.)[1] The deed of trust ("DOT") identifies ReconTrust Company, N.A.[2] as Trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the

---

[1] Defendant asks that the Court take judicial notice of a number of documents related to the subject property that are recorded with the San Mateo County County Recorder's Office. (See Dkt. 33, Judicial Notice Request ("RJN") at 2-3.) Several courts in mortgage foreclosure cases, including this one, have taken judicial notice of similar documents. See, e.g., Salenfriend v. Green Tree Servicing, LLC, 14-cv-3251, Dkt. 30 at 2 (N.D. Cal. Dec. 4, 2014) (Laporte, J.); Ford v. Wells Faro Home Mortgage, 2008 WL 5070687, at *2 (N.D. Cal. Dec. 1, 2008) (Conti, J.); Valasquez v. Mortgage Elec. Registration Sys., Inc., 2008 WL 4938162, at *2-3 (N.D. Cal. Nov. 17, 2008) (Hamilton, J.). Plaintiff opposes the request and appears to argue that because Defendant submitted copies of these documents and not the originals, the documents cannot be authenticated. However, Plaintiff provides no basis for concluding that these documents are not true and correct copies of San Mateo County's records and these documents "are part of the public record and are easily verifiable." Ford, 2008 WL 5070687, at *2; see also Valasquez, 2008 WL 4938162, at *3 ("on a motion to dismiss, a court may properly look beyond the complaint to matters of public record"); Fed. R. Evid. 902. Consequently, the Court GRANTS Defendant's request.

[2] ReconTrust is a subsidiary of Bank of America that provides financial services to the mortgage

beneficiary and nominee for the lender and the lender's successors and assigns. (Id.) On February 22, 2010, MERS assigned "all beneficial interest" under the DOT to "The Bank of New York Mellon FKA The Bank of New York As Trustree for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-43 Mortgage Pass-Through Certificates, Series 2006-43." (RJN Ex. B.) Plaintiff subsequently defaulted on the loan and, on February 24, 2010, ReconTrust recorded a notice of default. (RJN Ex. C.) Thereafter, several notices of trustee's sales were recorded. (RJN Exs. D-G.) On April 3, 2014, Miles, Bauer, Bergstrom & Winters LLP, was substituted as Trustee. (RJN Ex. H.) Although the most recent sale was noticed for July 29, 2014, it was rescinded. (RJN Ex. J.) Neither party alleges that a sale has occurred.

On August 8, 2014, Plaintiff filed this action. On September 3, 2014, Defendant moved to dismiss the original complaint. Plaintiff failed to file an opposition. Subsequently, on October 22, 2014, Plaintiff moved for an extension of time to file an opposition, which the Court granted. Plaintiff thereafter filed a "voluntary motion to dismiss" that the Court construed as a notice of non-opposition to Defendant's motion. The Court granted Defendant's motion and dismissed the complaint without prejudice except to Plaintiff's Federal Debt Collection Practices Act ("FDCPA") and Rosenthal Fair Debt Collection Practices Act ("RFDCPA") claims, which the Court dismissed with prejudice. (Dkt. 20 at 3 (finding that Defendant "is not a 'debt collector' within the meaning of either the FDCPA or the RFDCPA").) On November 17, 2014, Plaintiff filed an amended complaint.[3]

## II. STANDARD

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The reviewing

---

industry. (See Cmpl. ¶ 30.)

[3] Plaintiff's opposition was filed late and exceeds the page limit. In its reply, Defendant asks that the Court disregard Plaintiff's opposition, noting that the Court previously warned Plaintiff to comply with the rules. (See Dkt. 14 (granting Plaintiff's motion for an extension of time and stating that "Plaintiff is warned that he must comply with the Local Rules henceforth.").) However, the Court need not decide this issue because, even considering Plaintiff's opposition, the Court grants Defendant's motion.

court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

A court need not, however, accept as true the complaint's "legal conclusions." Iqbal, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Furthermore, a court also need not "accept as true allegations that contradict matters properly subject to judicial notice." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

### III. DISCUSSION

#### A. Plaintiff's First Claim for Violation of the Fair Credit Reporting Act ("FCRA")

"The FCRA was enacted to promote the equitable use of consumer credit information and to ensure fairness and accuracy within the credit reporting system." Banga v. Chevron U.S.A. Inc., 2013 WL 71772, at *10 (N.D. Cal. Jan. 7, 2013) (Spero, J.). The FCRA thus limits the purposes for which a consumer credit report can be obtained. Id. The FCRA allows a consumer to "assert a private cause of action for either willful or negligent noncompliance with the FCRA." Id. Plaintiff fails to plead sufficient factual allegations to prove a violation of the FCRA. For example, Plaintiff simply alleges that "there was absolutely no reason for Defendant to obtain Plaintiff's credit report." (Cmplt. ¶ 38.) This is a conclusory allegation and insufficient to demonstrate why Defendant had no permissible purpose. Similarly, Plaintiff asserts that Defendant "knowingly and willfully" violated the FCRA but provides no factual basis for that assertion. See Banga, 2013 WL 71772, at *10 ("a plaintiff may demonstrate 'willfulness' by showing a 'reckless disregard' of statutory duty. . . . A defendant acts in reckless disregard if the defendant's action 'is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.'" (quoting Bateman v. American Multi–Cinema, 623 F.3d 708, 711 n. 1 (9th Cir. 2010))).

### B. Plaintiff's Second Claim for Violation of Cal. Civ. Code Sec. 1785.25(a), California Consumer Credit Reporting Agency ("CCCRA")

The CCCRA provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). Plaintiff pleads the element of unlawful conduct under this statute but does not allege that Defendant violated the CCCRA. Plaintiff thus fails to state a claim.

### C. Plaintiff's Third Claim for Intentional Infliction of Emotional Distress ("IIED")

"The elements for a prima facie case of intentional infliction of emotional distress are: (1) outrageous conduct by the defendant; (2) with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) causation of the emotional distress by the defendant's outrageous conduct." Love v. Permanente Med. Grp., 2013 WL 1402890, at *4 (N.D. Cal. Apr. 5, 2013) (Rogers, J.). Plaintiff fails to state a claim as his factual allegations are conclusory and are not pled with particularity. (See Cmplt. ¶¶ 48-50.)

### D. Plaintiff's Fourth Claim for Declaratory Judgment/Quiet Title

"A quiet title action must include: (1) a description of the property in question; (2) the basis for plaintiff's title; and (3) the adverse claims to plaintiff's title." Kelley v. Mortgage Elec. Registration Sys., Inc., 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) (Illston, J.). Plaintiff's claim fails because he does not allege that he has paid the outstanding debt on which the mortgage is based. Id. ("Plaintiffs have not alleged that they are the rightful owners of the property, i.e. that they have satisfied their obligations under the Deed of Trust. As such, they have not stated a claim to quiet title."); Miller v. Provost, 26 Cal. App. 4th 1703, 1707 (1994) ("[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee."). Indeed, Plaintiff admits that "he has failed to make payments on his mortgage[] since April []2009." (Opp. at 23.)

### E. Plaintiff's Sixth Claim for Wrongful Foreclosure

Defendant argues that Plaintiff's wrongful foreclosure claim fails, among other reasons, for failure to allege tender. Under California law, "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."

4

Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (1971); Odinma v. Aurora Loan Servs., 2010 WL 2232169, at *5 (N.D. Cal. June 3, 2010) (Laporte, J.) ("'The rules which govern tenders are strict and are strictly applied.'" (quoting Nguyen v. Calhoun, 105 Cal. App. 4th 428, 439 (2003))); see also Arnolds Management Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (1984) ("It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."). California district courts follow Karlsen in examining wrongful foreclosure claims. Anaya v. Advisors Lending Group, 2009 WL 2424037, at *10 (E.D. Cal. Aug. 3, 2009) ("Plaintiff offers nothing to indicate that she is able to tender her debt to warrant disruption of non-judicial foreclosure"); Alicea v. GE Money Bank, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) (Ware, J) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for foreclosure."); Montoya v. Countrywide Bank, 2009 WL 1813973, at * 11-12 (N.D. Cal. June 25, 2009) (Ware, J) ("Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the debt"). The application of the "tender rule" prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property." Williams v. Countrywide Home Loans, 1999 WL 740375, at *2 (N.D. Cal. Sept. 15, 1999) (Conti, J). Here, Plaintiff's claim necessarily fails for failure to allege tender of the outstanding amount due on the loan. The cases cited by Plaintiff are inapposite. Onofrio v. Rice, 55 Cal. App. 4th 413, 424 (1997), declined to apply the tender rule where the plaintiff attacked the validity of the underlying debt. 55 Cal. App. 4th at 424. Here, by contrast, Plaintiff admits that he fell behind on his mortgage payments. Furthermore, Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 112-13 (2011), acknowledges that the tender rule is generally the applicable rule and cites limited exceptions, none of which are applicable here.

**F. Plaintiff's Seventh Claim for Quasi-Contract and Eighth Claim for "No Contract"**

A "quasi-contractual recovery rests upon the equitable theory that a contract to pay for services rendered is implied by law for reasons of justice. . . . [T]here is no equitable basis for an implied-in-law promise to pay reasonable value for services rendered when the parties have an actual agreement covering compensation." 55 Cal. Jur. 3d Restitution § 5; see also Willman v. Gustafson, 63 Cal. App. 2d 830, 830-32 (1944) ("It is no doubt the law that where services are rendered by one person at the request of another, and the promisor and promisee are not related, a promise to pay the reasonable value of such services will be implied. It is also the law, and admitted to be such by appellant, that no such promise can be implied if there is a special agreement to pay a fixed sum."). "No contract" is not a claim.

Plaintiff's claims appear to allege that Defendant has no right to receive payment/foreclose on Plaintiff's loan because it was improperly securitized and assigned. As an initial matter, these claims were not pled in the original complaint and are therefore improper because Plaintiff did not seek leave of the Court before adding them. See Dkt. 20 (granting Plaintiff leave to amend claims asserted in the original complaint); Fed. R. Civ. P. 15(a)(2) (requiring the amending party to seek leave of the Court). Plaintiff also fails to address these claims in his opposition. Furthermore, judicially noticed exhibits demonstrate that there was a contract between the Parties. (See RJN Ex. A (DOT identifying MERS as the beneficiary and nominee for the lender and the lender's successors and assigns) and RJN Ex. B (agreement assigning assigned "all beneficial interest" under the DOT from MERS to "The Bank of New York Mellon FKA The Bank of New York As Trustree for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-43 Mortgage Pass-Through Certificates, Series 2006-43").) Plaintiff's equitable recovery is thus barred by the existence of this contract. See 55 Cal. Jur. 3d Restitution § 5; Willman, 63 Cal. App. 2d at 830-32.

### G. Plaintiff's Fifth Claim for Injunctive Relief

Injunctive relief "is a remedy, not a cause of action." Gomez v. Wells Fargo Home Mortgage, 2011 WL 5834949, at *13 (N.D. Cal. Nov. 21, 2011) (Beeler, J.) (quoting Martone v. Burgess, 2008 WL 3916022, at *3 (N.D. Cal. Aug.25, 2008) (Wilken, J.). Consequently, "[b]ecause all of Plaintiffs' other claims fail, the claim for injunctive relief fails, too." Id.

6

### H. Negligence

Plaintiff does not allege a claim for negligence in his amended complaint, but nevertheless argues negligence in his opposition. The Court previously dismissed a negligence claim asserted in the original complaint. Even if Plaintiff had asserted a negligence claim, such a claim would be preempted by the FCRA. See 15 U.S.C. § 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of person who furnish information to consumer reporting agencies"); Davis v. Maryland Bank, 2002 WL 32713429, at *12 (N.D. Cal. June 19, 2002) (Armstrong, J.) (holding that "the FCRA preempts both state statutory and common law causes of action which fall within the conduct proscribed under section 1681s–2(1)").

## IV. CONCLUSION

The Court hereby GRANTS Defendant's motion to dismiss. Because this Court previously granted Plaintiff leave to amend and Plaintiff failed to cure the defects in his complaint, leave to amend would be futile. Consequently, the first amended complaint is dismissed with prejudice

**IT IS SO ORDERED**.

Dated: January 27, 2015



ELIZABETH D. LAPORTE
United States Magistrate Judge